UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALONZO D. GONZALES (# 560945)          CIVIL ACTION

VERSUS

JEFFREY FRANKLIN          NO. 16-00249-BAJ-EWD

ORDER

Before the Court are Plaintiff's *Motion to Request for Dismissal of Pending 42 U.S.C. § 1983* (R. Doc. 7) and Plaintiff's *"Amended Complaint"* (R. Doc. 8).

*Pro se* Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Jeffrey Franklin, alleging that Defendant Franklin violated Plaintiff's constitutional rights on August 15, 2015 by subjecting Plaintiff to excessive force in the form of an application of chemical irritant spray.

On March 9, 2017, Plaintiff filed the instant *Motion to Request for Dismissal*. The Court interprets this *Motion* to be a notice of voluntary dismissal filed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Specifically, Plaintiff states in the *Motion* that he is "willing to drop/dismiss th[is] suit," and his stated reason is that he has determined that Defendant Franklin's actions in subjecting Plaintiff to a chemical agent on August 15, 2015 "were in the compliance of his job performance to maintain the safety and security of the penal institution," and that Defendant Franklin "could not be held liable for his actions in the performance of his job."

1

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff is authorized to "dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." It has been recognized by the courts that the filing of a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) effects a dismissal of the proceedings without further action by the Court. *See Perkins v. Johnson*, 118 Fed. Appx. 824, 825 (5th Cir. 2004) (finding that "[u]nder Fed. R. Civ. P. 41(a), the voluntary dismissal of an action completely terminates the litigation, without further order by the district court"); *Long v. Board of Pardons and Paroles of Texas*, 725 F.2d 306 (5th Cir. 1984) (same). Accordingly, the dismissal of the above-captioned proceeding became effective on the date that Plaintiff filed the instant *Motion to Request for Dismissal*, and no order granting Plaintiff's *Motion* is necessary or warranted. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458 (5th Cir. 2010) (concluding that a Court's *Order* granting a plaintiff's request for voluntary dismissal under Rule 41(a)(1) is of no legal consequence). Therefore, because the dismissal of this proceeding occurred by operation of law on the date Plaintiff filed the instant *Motion*, and because no order is required to effectuate the voluntary dismissal, Plaintiff's *Motion to Request for Dismissal* (R. Doc. 7) shall be denied as moot.

Turning to a consideration of Plaintiff's so-called *"Amended Complaint"* (R. Doc. 8), which was filed approximately a month after the filing of the voluntary dismissal, Plaintiff requests therein that the voluntary dismissal be "voided" because he was "bribed" by Defendant to agree thereto. Specifically, Plaintiff asserts that

2

Defendant Franklin entered into an "informal negotiation" with Plaintiff, pursuant to which Defendant Franklin agreed to immediately reinstate Plaintiff's visiting privileges at LSP in exchange for Plaintiff's execution of the voluntary dismissal. Plaintiff further asserts that Defendant Franklin advised Plaintiff that pursuant to prison rules, the formal dismissal needed to be effected first, after which Defendant would reinstate Plaintiff's visiting privileges. Notwithstanding, Plaintiff complains that, as of the date of filing of the "*Amended Complaint,*" and despite Plaintiff's execution of the voluntary dismissal, Defendant Franklin had not fulfilled his part of the agreement and had not reinstated Plaintiff's visiting privileges. Accordingly, Plaintiff asserts that the voluntary dismissal was induced through "brib[ery]" and through the exploitation of Plaintiff's "vulnerability," and he requests that the voluntary dismissal be voided or, in the alternative, that judgment be awarded in his favor enforcing the settlement agreement.

Initially, this Court does not have jurisdiction to enforce the alleged settlement agreement between Plaintiff and Defendant Franklin. Specifically, the United States Supreme Court has held that a federal district court has jurisdiction to enforce a settlement agreement only when the obligation to comply with the agreement has been made a part of a court's order of dismissal, either by virtue of a provision in the order specifically retaining jurisdiction or by incorporating the settlement agreement's terms into the order, neither of which was done in the instant case. *See Kokkomen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Hospitality House, Inc. v. Gilbert*, 298 F.3d. 424, 431-32 (5th Cir. 2002). Further, considering that the filing of

3

Plaintiff's notice of voluntary dismissal had the effect of completely terminating this proceeding, this Court does not have the authority to nullify or void the dismissal that has already taken effect. Notwithstanding, it is recognized that the Court does retain limited jurisdiction over a voluntarily dismissed action to entertain a subsequent motion for relief under Fed. R. Civ. P. 60(b). *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 360-61 (5th Cir. 2013); *Castillo v. Munoz*, 2015 WL 1020762 (W.D. Tex. Mar. 6, 2015). Accordingly, in the interest of justice, the Court will interpret Plaintiff's so-called "*Amended Complaint*" to be a request for relief under Rule 60(b).

Rule 60(b) of the Federal rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding" for several reasons, among which are "fraud ..., misrepresentation, or misconduct by an opposing party." This provision provides a basis for relief where the moving party presents "clear and convincing evidence" of the adverse party's fraud, misrepresentation or other misconduct. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion. *Id.* at p. 638.

Interpreting Plaintiff's pleading as asserting that Defendant Franklin engaged in fraud, misrepresentation, or other wrongdoing in connection with confecting the alleged settlement agreement, the Court finds that Plaintiff has failed to meet his burden of proof and has failed to show "clear and convincing evidence" of such

4

misconduct. Plaintiff has, in fact, provided no evidence whatsoever and relies entirely upon his own conclusory assertion (1) that a negotiated settlement was arrived at between himself and Defendant Franklin; (2) that the terms of that agreement provided for the "immediate" reinstatement of Plaintiff's visitation rights; and (3) that Defendant Franklin has not complied with the agreement. These conclusory assertions are not sufficient to support the relief requested. *See Walker v. McCullum*, 2008 WL 4186917 (S.D. Miss. Sept. 9, 2008) ("[P]laintiff has failed to provide any evidence whatsoever regarding the alleged fraud committed by defendants, merely making the conclusory allegations that the settlement agreement was based on fraud and misrepresentation by the defendants because they never intended to comply with the settlement agreement, and that defendants committed other unidentified misconduct. This is clearly not enough to justify ... reopening this case"). *See also Rogers v. Boatright*, 670 Fed. Appx. 386 (5th Cir. 2016) (dismissing an inmate's appeal as frivolous and upholding the lower court's decision to deny Rule 60(b) relief and refuse to reopen a voluntarily dismissed case); *Perkins v. Johnson, supra*, 118 Fed. Appx. at 825 (5th Cir. 2004) (dismissing an inmate's appeal as frivolous and upholding lower court's denial of an inmate's motion to reinstate his voluntarily dismissed complaint: "It is not error for a district court to refuse to reactivate a finally dismissed former action"). In addition, it has been intimated on several occasions that the appropriate relief in a situation of this sort is for the complaining party to pursue a breach of contract action in state court. *See Walker v. McCullum, supra*, 2008 WL 4186917 at *1 (noting that "the appropriate remedy for

5

defendants' alleged breach of the settlement agreement is a breach of contract action in state court, not a Rule 60(b)(6) motion"), *citing Gonzalez v. Renaudin*, 1999 WL 527732, *2 (E.D. La. July 21, 1999)). Accordingly, based on the foregoing, the Court concludes that Plaintiff's request for relief pursuant to Rule 60(b) shall be denied.[1] Therefore,

**IT IS ORDERED** that Plaintiff's *Motion to Request for Dismissal of Pending 42 U.S.C. § 1983* (R. Doc. 7), which the Court interprets to be a notice of voluntary dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's *"Amended Complaint"* (R. Doc. 8), which the Court interprets to be a request for relief from a final judgment, order, or proceeding pursuant to Fed. R. Civ. P. 60(b), is hereby **DENIED**.

The Clerk of Court is directed to terminate the above-captioned proceeding on the Court's Docket, without prejudice.

Signed in Baton Rouge, Louisiana, this 21st day of March, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

1  The Court further notes that Plaintiff has not paid the initial partial filing fee ordered by the Court pursuant to 28 U.S.C. § 1915(b). *See* R. Doc. 3. In fact, in response to the Court's *Order* directing Plaintiff to appear and show cause why his Complaint should not be dismissed for failure to make the required payment, *see* R. Doc. 5, Plaintiff has provided documentation that reflects that he has had available in his inmate accounts moneys sufficient to make the required payment but has expended that money on other purchases. *See* R. Doc. 6.